LUIS E. LORENZANA, Bar No. 248162
llorenzana@littler.com
HEIDI E. HEGEWALD, Bar No. 326834
hhegewald@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Fax No.: 619.232.4302

Attorneys for Defendants
TRANSDEV SERVICES, INC. AND
TRANSDEV NORTH AMERICA, INC.
(erroneously named TRANSDEV
NORTHAMERICA, INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ENAMORADO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC., a California Corporation; TRANSDEV NORTHAMERICA, INC., a foreign business entity registered to do business in California; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. _____<br><br>[Los Angeles Superior Court Case No. 22STCV07913]<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: 3/4/2022<br>Trial Date: Not Set<br>(*Removal from Superior Court of California, County of Los Angeles, Case No. 22STCV07913*) |

**TO THE CLERK OF THE UNITED STATED DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants TRANSDEV SERVICES, INC. ("Transdev") AND TRANSDEV NORTH AMERICA, INC. ("Transdev North America") (collectively "Defendants"), hereby remove the state action described herein, filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446. This Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. section 1332 ("Section 1332"). A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Los Angeles, and notice of the removal will be provided to counsel for Plaintiff in accordance with 28 U.S.C. section 1446(d). Defendants make the following allegations in support of its Notice of Removal:

## I.   JURISDICTION AND VENUE ARE PROPER

1. This Court has original jurisdiction under Section 1332 and this action may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named Plaintiff JAIME ENAMORADO ("Plaintiff") exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

2. This employment action was filed in the Superior Court of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c), 1391, and 1446.

## II. PLEADINGS, PROCESS, AND ORDERS

3. On March 4, 2022, Plaintiff JAIME ENAMORADO ("Plaintiff") filed a complaint in the Superior Court for the County of Los Angeles entitled *JAIME ENAMORADO, an individual v. TRANSDEV SERVICES, INC., a California Corporation; TRANSDEV NORTHAMERICA, INC., a foreign business entity registered to do business in California; and DOES 1-25, inclusive*, Case No. 22STCV07913. Attached as **Exhibit A** is a true and correct copy of the Complaint filed in Los Angeles County Superior Court. (Declaration of Luis E. Lorenzana in Support of Notice of Removal to Federal Court ["Lorenzana Decl."], ¶ 2.)

4. The Complaint alleges the following causes of action: (1) Actual/Perceived Medical Condition Discrimination in Violation of FEHA (Cal. Gov't Code §12900, *et. seq.*); (2) Actual/Perceived Disability Discrimination in Violation of FEHA (Cal. Gov't Code §12900, *et. seq.*); (3) Failure to Accommodate in Violation of FEHA (Cal. Gov't §12940(A), (I), (M), (N), *et. seq.*); (4) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA (Cal. Gov't Code §12940(A), (I), (M), (N), *et. seq.*); (5) Retaliation in Violation of FEHA (Cal. Gov't Code §12900, *et. seq.*); (6) Harassment in Violation of FEHA (Cal. Gov't Code §12900, *et. seq.*); (7) Violation of the California Family Rights Act (Cal. Gov't Code §12945.2); (8) Interference in Violation of the California Family Rights Act (Cal. Gov't Code §12945.2); (9) Retaliation in Violation of the California Family Rights Act (Cal. Gov't Code §12945.2); (10) Failure to Prevent Discrimination, Retaliation, and Harassment; (11) Violation of California Accrued Paid Sick Leave Laws and Healthy Workplaces, Healthy Families Act of 2014 (Labor Code §233, 234, 246.5, *et. seq.*); (12) Whistleblower Retaliation in Violation of Labor Code §1102.5, *et. seq.*); (13) Declaratory Judgment; (14) Violation of Business and Professions Code §17200; (15) Wrongful Termination in Violation of Public Policy (*Tameny Act*). The allegations of the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

3

5.  On April 12, 2022, Defendants first acknowledged receipt of the Complaint, along with copies of the Civil Case Cover Sheet and Summons, and Notice of Case Assignment. (Lorenzana Decl., ¶ 3.)

6.  Attached hereto as **Exhibit B** are the remaining documents either served with the complaint or as reflected in the Los Angeles County Superior Court website, along with copies of the Summons, a Civil Case Cover Sheet, ADR Information, and Notice of Case Assignment. (Lorenzana Decl., ¶ 3.)

7.  On May 11, 2022 Defendants filed an Answer in the Los Angeles County Superior Court and served a copy of that Answer on Plaintiff's counsel of record. Attached hereto as **Exhibit C** is a true and correct copy of Defendants' Answer. (Lorenzana Decl., ¶ 4.)

8.  To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Los Angeles County Superior Court or served by any party other than as described above. To Defendants' knowledge, no proceedings related hereto have been heard in Los Angeles County Superior Court. (Lorenzana Decl., ¶ 5.)

### III.   TIMELINESS OF REMOVAL

9.  This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first acknowledgment of receipt of the Summons and Complaint, on or about April 12, 2022, and within one year of the filing of the Complaint on March 4, 2022. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); (Lorenzana Decl., ¶ 3.).

### IV.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS

10. Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States[.]

11. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Plaintiff is a Citizen of California

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which she or he is domiciled). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Citizenship is determined at the time the lawsuit is filed. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

13. Here, according to his Complaint, Plaintiff is, and was at the time of the filing of this action, a resident and citizen of the County of Los Angeles, State of California. (Complaint, ¶ 1.) Accordingly, Plaintiff admits that he is a citizen of the State of California.

### B. No Defendants are Citizens of California

14. Defendants are now, and were at the time of the filing of this action, citizens of a State other than California within the meaning of 28 United States Code section 1332(c)(1). For diversity purposes, a corporation is a citizen of its state of

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

5

incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972) (holding that corporations have "dual citizenship"). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high-level officers direct, control and coordinate the corporation's activities and, in practice, where the corporation maintains its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-95 (2010); *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Except in unusual circumstances, a corporation's corporate headquarters is in its "nerve center." *Id*.

### 1. Defendant Transdev is a Citizen of Maryland and Illinois

15. Transdev is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Maryland, with its principal place of business in Lombard, Illinois. (*See* Declaration of Katie Lein ("Lein Decl."), ¶ 3; citing Exhibit A [Transdev's Statement of Information filed the California Secretary of State on December 21, 2021].) Transdev's business operations are directed, controlled and coordinated from its corporate headquarters in Lombard, Illinois, where most of its executive and administrative functions are located, as stated in its Statement of Information filed with the California Secretary of State. (*Id*. at ¶ 4.) From its headquarters in Lombard, Illinois, Transdev makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, investor relations and legal policy decisions. (*Id*.) Lombard, Illinois is therefore Transdev's principal place of business. (*Id*.) Accordingly, Transdev is, and at all material times has been, a citizen of the States of Maryland and Illinois. (*Id*. at ¶¶ 3-4.)

### 2. Defendant Transdev North America, Inc. is a Citizen of Delaware and Illinois

16. Transdev North America is, and was at the time this action was commenced, a corporation organized and formed under the laws of the State of Delaware, with its principal place of business in Lombard, Illinois. (*See* Lein Decl., ¶ 6; citing Exhibit B [Transdev North America's Corporation File Detail Report accessible on the Office of the Illinois Secretary of State website at www.ilsos.gov.].) Transdev North America's business operations are directed, controlled and coordinated from its corporate headquarters in Lombard, Illinois, where most of its executive and administrative functions are located. (*Id*. at ¶ 6.) From its headquarters in Lombard, Illinois, Transdev North America makes and implements company-wide operating, financial, investment, employee relations, marketing, accounting, income tax, treasury, investor relations and legal policy decisions. (*Id*. at ¶ 7.) Lombard, Illinois is therefore Transdev North America's principal place of business. (*Id.*) Accordingly, Transdev North America is, and at all material times has been, a citizen of the States of Delaware and Illinois. (*Id*. at ¶¶ 6-7.)

17. Plaintiff is a citizen of California, and Transdev is a citizen of Maryland and Illinois. Transdev North America is a citizen of Delaware and Illinois. Because Defendants are citizens of a different State than that of Plaintiff, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and diversity as required by 28 U.S.C. § 1332(d).

### C. Doe Defendants' Citizenship Must be Disregarded

18. Defendants Does 1 through 25 are fictitious. The Complaint does not set forth the identity of or any allegations against these Defendants as individuals. Their citizenship should be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980).

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000[1]

19. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996). Defendants need only to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). By demonstrating that the actual amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold, Defendants do not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

20. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "[T]he amount in controversy is not limited to damages incurred prior to removal," such as "wages a plaintiff-employee would have earned before removal (as opposed to after removal)" but instead "encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.* 888 F. 3d. 413, 414-415 (9th Cir. 2018). In determining the amount in controversy, the aggregate of general damages, special damages, punitive damages, and attorneys' fees are properly considered for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir.

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendants expressly deny that Plaintiff is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages in this case.

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

8

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc, 's v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1 198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

21. The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (Dec. 15, 2014) (*citing* 28 U.S.C. §1446(a)). Moreover, Defendants need not submit evidence to support their notice of removal. *Id.* at 553. Defendants need to only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). However, even if an evidentiary showing were required, Defendants only need to show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id.* at 554. Importantly, the Court instructed that there is no anti-removal presumption. *Ibid.* While the number and types of Plaintiff's claims clearly demonstrate that the amount in controversy is exceeded, out of an abundance of caution, Defendants provide greater detail, *infra*, that clearly establishes that the amount in controversy placed at issue by Plaintiff exceeds $75,000.

### A. Plaintiff Seeks Well Over $75,000 in Economic Damages

22. It can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. Plaintiff seeks recovery of loss of past and future wages; interest; punitive damages, general damages for pain and suffering/emotional distress damages; and attorneys' fees and costs of suit. (Complaint, ¶¶ 62, 63, 64, 75, 76, 82, 83, 89, 90, 102, 103, 114, 115, 120, 121, 122, 127, 128, 129, 133, 134, 135, 141, 149, 150, 151, 158, 159, 160, 161, 178, 179, 184, 185,186, 187, Prayer for Relief ("Prayer").)

23. Defendant Transdev employed Plaintiff from July 5, 2008 through his separation, on March 10, 2021. (*See* Declaration of Vickie Massey ("Massey Decl."),

¶ 3.) Plaintiff earned $1,634 in 2021, and $3,234 for the year of 2020. (*Id.*) Plaintiff earned $35,655 for the 7.5 months he worked for the year of 2019. (*Id.*) For the last two years in which Plaintiff worked for the entire year, Plaintiff earned $41,197, or $3,433 per month, in 2018; and $38,306, or $3,192 per month, in 2017. At the time that Plaintiff's employment was terminated on March 10, 2021, Plaintiff was earning $24.50 per hour. (*Id.*) Thus, for the purposes of these calculations, as a full-time employee working 40 hours a week, Plaintiff would earn approximately $3,920 a month. Defendants anticipate a trial date in this matter in or around June 2023. Although Defendants deny Plaintiff is entitled to recover any damages, assuming, *arguendo*, if Plaintiff were to recover back wages from the time of his alleged termination through the projected trial date, thus approximately two years and three months (27 months in all), and assuming he remains unemployed, the potential back pay would be roughly $105,840 (27 x $3,920), based on Plaintiff's hourly income and full-time employment status at the time his employment was terminated. If Plaintiff is awarded any damages for future lost wages, this amount would be further increased well beyond the $75,000 threshold for removal.

### B. Plaintiff Additionally Seeks Non-Economic Damages, Attorneys' Fees and Punitive Damages

24. **Emotional Distress Damages**: In addition to economic damages, Plaintiff alleges he suffered emotional distress as a result of Defendants' alleged unlawful conduct. (Complaint ¶¶ 63, 102, 150, 158, 185; Prayer ¶ 2).) An award of emotional distress damages alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

25. In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving

analogous facts. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); see *also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); see also *Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses). Emotional distress damage awards for FEHA discrimination cases are often well in excess of $75,000, standing alone. *See, e.g., Massey v. City of Long Beach,* JVR No. 1509220063, 2015 WL 5578119 (Cal. Sup. Ct. 2015) (awarding $520,119 in damages for pain and suffering in FEHA discrimination case); *Gomez v. Magco Drilling* JVR No. 1510280054 (Cal. Sup. 2015); *Beasley v. E. Coast Foods, Inc.,* JVR No. 1509250073, 2015 WL 5678367 (Cal. Sup. Ct. 2015) (awarding $1,500,000 in compensatory damages for pain and suffering in FEHA race discrimination case); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case); *see also Simmons*, 209 F.Supp.2d at 1034 (collecting cases).

26. In a suit with similar allegations as the present case, the plaintiff was awarded $50,000 for emotional distress damages. *Matyka v. Federal Express Corp.* 27 Trials Digest 3d 43, 1999 WL 1566772 (Cal. Sup. Ct. 1999). There, the plaintiff alleged violations under the CFRA and breach of implied contract when the plaintiff's employment was terminated for excessive absences. The plaintiff suffered from a health condition that required her to miss many days from work. The plaintiff claimed her termination was in retaliation and violation of the CFRA. The jury awarded her

$50,000 in emotional distress damages. Only for the purposes of evaluating the amount in controversy on Plaintiff's claims, and without admitting any liability in this matter, based on the foregoing jury verdicts, a conservative estimate of the emotional distress damages at issue is at least $50,000.

27. **Attorneys' Fees:** Plaintiff also seeks an award of attorneys' fees and costs pursuant to all applicable provisions of law. (Complaint, ¶¶ 64, 76, 83, 90, 103, 115, 122, 129, 135, 141, 161, 172, 184, 187; Prayer, ¶ 5).) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Id.* at 1034 (citing *Galt*, 142 F.3d at 1156); *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d. 785, 788 (9th Cir. 2018) (the amount in controversy includes future attorneys' fees recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if she were to prevail). Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA. Cal. Gov't. Code § 12965. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *See Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award).

28. Other California courts have upheld large attorneys' fees awards in FEHA cases. *See also Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA age

discrimination case where plaintiffs' damages awards were significantly less). As a result, Plaintiff's demand for attorneys' fees further increases the amount in controversy, which is already significantly above the required $75,000 threshold.

29. **Punitive Damages:** Plaintiff also seeks punitive damages. (Complaint, ¶¶ 65, 114, 121, 128, 134, 152, 160, 186; Prayer, ¶ 3).) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport*, 325 F.2d at 787; *Brady*, 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F.Supp.2d at 1033; *Roby v. McKesson Corp.,* 47 Cal. 4th 686, 719-720 (2009) (punitive damages award of $1,905,000). Punitive damages may be significant even when no compensatory damages are awarded. *Moore v. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA pregnancy discrimination leave case); *Torres v. BE Aerospace, Inc.,* JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ($7,000,000 punitive damage award in FEHA gender discrimination suit). Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

30. Plaintiff also seeks such open-ended relief as "such further relief that the Court may deem just and proper." (Complaint; Prayer, ¶ 10).) Although uncertain in amount, these additional damages claims only serve to increase the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 551 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.").

31. Based upon the pleadings, it does not appear to a "legal certainty that the

claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

32. **Summary of Amount In Controversy**

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Back Pay | $105,840 |
| Emotional Distress | $50,000.00 |
| Total | $155,840 + future lost pay + attorneys' fees + punitive damages |

33. In sum, although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not far exceeds the $75,000 jurisdiction requirement, without even considering attorneys' fees, interests, costs and claimed punitive damages. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

## VI. NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT

34. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, counsel for Defendants is serving written notice of the filing on Plaintiff's counsel of record. (Lorenza Decl., ¶ 6.) In addition, a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles. (*Id.*, ¶ 7.)

Because Defendants have demonstrated satisfaction of all diversity of citizenship requirements under Section 1332 and have and/or will provide proper notice of removal, Defendants hereby remove this action from the Superior Court of the State of California,

County of Los Angeles, to the United States District Court for the Central District of California.

Dated: May 12, 2022

LITTLER MENDELSON, P.C.

*/s/ Luis E. Lorenzana*
Luis E. Lorenzana
Heidi E. Hegewald

Attorneys for Defendants
TRANSDEV SERVICES, INC. and
TRANSDEV NORTH AMERICA, INC.
(erroneously named TRANSDEV
NORTHAMERICA, INC.)

4881-3793-1031.1 / 095164-1016

DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446
DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

15